## L. & N. R. R. v. Sweet.

(Decided February 17, 1911.)

### Appeal from Mason Circuit Court.

1. **Railroads—Farm Crossings—Duty to Repair—Safe Condition For Traveling.**—The duty of a railroad company to maintain crossings in reasonably safe and fit condition for travel, obtains as to all who have a legal right to use the crossing, and this includes those

rightfully traveling to and from the farms to which the road is an appurtenant.

2. Same—Absence of Agreement—Duty of Railroad to Repair.—The same principle which requires those operating railroads to maintain the crossings on public highways applies to private passways as well, in the absence of an agreement between the parties to the contrary.

3. Public and Private Crossings—Reasonable Safeguards—Grades— The railroad company must be the judge of the grade on which it builds and maintains its tracks, as well as of such reasonable safeguards at crossings as will protect the public using the railway and those using the crossing.

4. Crossings—Neighborhood Repairing—Inexpediency.—It would be most inexpedient to allow the public or neighborhood travelers to interfere with the tracks and grade thereof at crossings by attempting such repairs on them as they thought proper.

ALLAN D. COLE and BENJAMIN D. WARFIELD for appellant.

THOS. D. SLATTERY and T. R. PHISTER for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellee was moving a traction engine and thresher through the country. In passing from one neighborhood where he had been threshing wheat to another section he used a neighborhood road which crosses the Louisville & Nashville R. R. tracks in Mason county. The road probably was not a public highway, but was only a neighborhood passway used as appurtenant to certain farms, including the farm where appellee had just been threshing. As appellee came to the railroad he stopped and listened for trains, but hearing none attempted to cross the track. Owing to the condition of the road at the crossing, described by appellee and his witnesses as being difficult to pass over with the traction engine. it was stalled on the track. The rails of the track were allowed to stand up some six inches above the grade of the highway, because the railway company had failed to put in the ballast or guards along the sides of the rails so as to present a reasonably even surface. This caused the traction engine to slip on the rail as it attempted to cross so that the engine was thrown to the side of the highway, where, before it could go on, some work was necessary to remove an obstructing rock. When the threshing outfit was caught in this predicament appellee sent one of his workmen up the road some two hundred yards in the direction a train was due to come soon, to flag the ap-

proaching train. The man went as far as he could before the train came along, some two hundred yards up the track, when he stood in the middle of the track and waved, his hat across the track as a warning to the engineer on the train, which had then come into view. The engineer paid no heed to the warning until too late to avoid striking the thresher. The machine was completely demolished and the traction engine considerably damaged. In this suit by appellee to recover damages for the injury to his property there was a recovery for the plaintiff.

The principle ground urged as error in the trial is the assumption by the circuit court in its instructions that appellant was under the duty to maintain the crossing in reasonably safe and fit condition for travel. It is contended by appellant that as the evidence failed to show that the road was a public highway. the duty, if it existed, extended to those only who had the easement across the railroad at that point. We hold that the duty obtained as to all who had a legal right to use the crossing. That includes those rightfully traveling to and from the farms to which the road was an appurtenant. Appellee in using the crossing was as much entitled to do so on the occasion in question as the owners of the land. Appellant had conceded the right to the crossing by such owners and their servants and licensees by erecting and maintaining the crossing. The owners of the farms would not have been justified in going upon the railroad right of way to make repairs on the crossing. The same principle which requires those operating railroads to maintain the crossings on public highways applies to private passways as well, in the absence of an agreement between the parties, to the contrary. The railroad company must be the judge of the grade on which it builds and maintains its tracks, as well as of such reasonable safeguards at crossings as will protect the public using the railway and those using the passway. It would be most inexpedient to allow the public, or neighborhood travelers, to interfere with the tracks and grades thereof at crossings by attempting such repairs on them as they thought proper.

It is contended further that appellee was himself negligent in attempting to cross the track near the time when a train was known to be due. Whether he was so negligent was submitted to the jury in the instruction on contributory negligence. We can not say as a matter of law that his conduct was necessarily negligent. He could

not well have known that his engine would skid along the rail instead of mounting it, or that necessarily he would be involved in delay in getting across. The principal apparent danger was that his machine would suffer somewhat by the jolting in making the crossing. The question was one for the jury, and we cannot say that their verdict was against the evidence.

The other grounds urged as error are of immaterial matters which could not have affected the verdict in any probability.

Judgment affirmed.